# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2042 |
| | § | |
| UNITED STATES DEPT. OF DEFENSE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this non-prisoner civil lawsuit are plaintiff's *pro se* motions for recusal (Docket Entry No. 18) and for a hearing (Docket Entry No. 19).

As grounds for recusal, plaintiff complains that the Court withdrew its order allowing him to pay the filing fee in monthly installments, and ordered him to pay the $350.00 filing fee balance within fifteen days. Plaintiff states that he cannot pay the filing fee within fifteen days, and argues that "any other district court" outside the Fifth Circuit would have ordered him to explain his delinquency before ordering him to pay. He contends that the undersigned judge is not impartial, has deep-seated antagonism against him, and should recuse himself pursuant to 28 U.S.C. § 455(a).

The motions are DENIED for the reasons that follow.

### *Legal Standards*

Under 28 U.S.C. § 455(a), a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Under section 455(b)(1), recusal is required if the judge has a personal bias or prejudice concerning a party.

The alleged bias or prejudice must be personal, as opposed to judicial in nature, *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007), and must stem from an extrajudicial source,

resulting in a disposition "on some basis other than what the judge learned from his participation in the case." *United States v. MMR Corp.*, 954 F.2d 1040, 1045–46 (5th Cir. 1992). As the movant, plaintiff in this case carries the burden of proving meritorious grounds for recusal under section 455(a).

The decision whether to recuse under section 455 is committed to the sound discretion of the court asked to recuse. *See Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012). The United States Supreme Court has made clear that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). The Fifth Circuit Court of Appeals has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995).

It is well established that judicial rulings alone almost never constitute a valid basis for finding bias or partiality. As the Supreme Court stated in *Liteky v. United States*, 510 U.S. 540, 555 (1994),

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an

> extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555. *See also Scroggins*, 485 F.3d at 830 (holding that a motion to disqualify ordinarily "may not be predicated on the judge's rulings in the instant case").

## *Analysis*

In the instant case, plaintiff's allegations of partiality and deep-seated antagonism arise in context of two orders entered in this case: the Court's order allowing plaintiff to pay the filing fee in monthly installments, and the Court's subsequent withdrawal of that order for nonpayment. In the installment order, the Court relied on plaintiff's statement that his net income was $580.00 per week; rather than denying outright his request to proceed *in forma pauperis*, the Court allowed him to pay the filing fee in monthly installments of $50.00. The Court expressly ordered him to notify the Court if he were unable to make a payment and to show why he was unable to make the payment. (Docket Entry No. 6.) However, plaintiff did not follow these instructions, and instead, stopped making payments without any explanation to the Court. Plaintiff made one $50.00 installment payment, but only after the Court issued a seven-day dismissal notice for nonpayment. (Docket Entry No. 10.) Plaintiff continued failing to pay installments without explanation, and the Court revoked the installment order due to his noncompliance. (Docket Entry No. 17.) Indeed, plaintiff never advised the Court of any financial difficulties until the filing of the instant motion for recusal. In absence of any order to the contrary, the unpaid balance of the filing fee became due and payable, as it would be for any civil lawsuit. In short, revocation of the installment order was due to plaintiff's unexplained failure to comply with the order, and not due to animosity, hostility, bias, or partiality on the part of this Court.

Plaintiff claims that it is this Court's goal to rid itself of plaintiff and his lawsuit. His assertion is unfounded. The docket shows that plaintiff has been provided ample opportunity to present and pursue his claims. Because the claims raised in his complaint were vague and conclusory, the Court ordered him to file a more definite statement to clarify and provide factual support for his claims. He was allowed to pay the filing fee in installments, and was afforded significant time to communicate any difficulties to the Court or bring his payments current prior to the Court taking further action. Even then, the Court did not dismiss his lawsuit for nonpayment, but instead gave him notice and time to pay. Rather than advise the Court of his financial difficulties and request an extension of time to pay the filing fee, plaintiff filed the pending motion to recuse. Moreover, although the Court declined plaintiff's request that it notify Kenyan consular officials of this lawsuit, plaintiff was, and remains, free to do so at his own convenience. An objective viewer, examining the proceedings in this lawsuit, would find no deep-seated animosity or grounds to reasonably question this Court's impartiality.

Equally unpersuasive are plaintiff's allegations of a purported conflict of interest. Plaintiff contends that the Court is anxious to dismiss this lawsuit because the undersigned "possibly" authorized military surveillance against him and wants it kept secret. Plaintiff's assertion is groundless speculation that raises no reasonable question of this Court's impartiality.

Plaintiff has not shown that the undersigned judge has a personal bias or prejudice against him, that he displayed any favoritism against or antagonism toward him, that his rulings were based on an extrajudicial source, or that his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a) and (b) (requiring judge to disqualify himself if "his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party"). Nothing in the

4

record indicates that a reasonable person with knowledge and understanding of all the relevant facts would conclude that this Court's impartiality could reasonably be questioned. Recusal by the undersigned is unwarranted.

### *Extension of Time*

In the interest of justice and as a liberal construction of plaintiff's *pro se* pleadings, the Court construes the pending motion as requesting an extension of time to pay the filing fee. The Court GRANTS plaintiff a 60-day extension, and the $350.00 filing fee balance is due DECEMBER 3, 2018. Plaintiff may make partial payments at his convenience, but the balance must be paid in full by December 3, 2018.

Plaintiff is reminded that all federal civil lawsuits are subject to dismissal *sua sponte* under Federal Rule of Civil Procedure 12(b)(6), without further notice and without regard to full or partial payment of filing fees.

### *Conclusion*

The motion for recusal (Docket Entry No. 18) is DENIED. The motion for a hearing (Docket Entry No. 19) is DENIED AS MOOT. Plaintiff's payment of the remaining $350.00 filing fee is due DECEMBER 3, 2018. This is an INTERLOCUTORY ORDER.

Signed at Houston, Texas on October 4, 2018.

_____
Gray H. Miller
United States District Judge